1

2                UNITED STATES DISTRICT COURT

3            NORTHERN DISTRICT OF CALIFORNIA

4

| | |
|---|---|
| BRIAN WHITAKER,<br><br>        Plaintiff,<br><br>    v.<br><br>BOUNSOM SIVONGSA,<br><br>        Defendant. | Case No. 21-cv-01308-AGT<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

10    Brian Whitaker is a quadriplegic who uses a wheelchair.  He alleges that in October 2020,

11 he visited a San Francisco-based coffee shop owned by the defendant.  He maintains that when he

12 visited, the coffee shop failed to provide wheelchair accessible tables.  Specifically, the tables didn't

13 have enough knee or toe clearance for wheelchair users.  *See* Compl. ¶ 12.  Due to the lack of

14 accessible seating, he alleges that defendant denied him full and equal access to the coffee shop, in

15 violation of the Americans with Disabilities Act and California's Unruh Civil Rights Act.

16    Defendant has moved to dismiss Whitaker's ADA claim.  He argues that the claim is moot

17 because the claim is only for injunctive relief and the identified barrier has already been removed.[1]

18 Specifically, he explains that when Whitaker visited the coffee shop, the shop exclusively offered

19 outdoor dining, due to state and local health orders related to Covid-19.  He says the coffee shop no

20 longer offers outdoor dining and that its indoor dining tables are ADA compliant.  *See* Sivongsa

21 Decl. ¶¶ 2–4, Dkt. 14-2.  To support the latter point, he relies on the declaration of a certified access

22 specialist, who inspected the shop in April and May of 2021 and declares that at least one of the

23 shop's six indoor dining tables is wheelchair accessible.  *See* Altwal Decl. ¶¶ 8–11, Dkt. 14-3.

24    Whitaker contends that a mootness ruling would be premature.  For two reasons, the Court

25

---

26 [1] Defendant frames his motion as a Rule 12(b)(1) motion.  Because he has already answered the complaint (dkt. 8), a Rule 12(b)(1) motion is "technically untimely." *Augustine v. United States*, 704 F.2d 1074, 1075

27 n.3 (9th Cir. 1983).  Mootness, however, "is a jurisdictional issue," *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003), which means it may be challenged "at any time" pursuant to Rule 12(h)(3).  *Augustine*, 704 F.2d

28 at 1075 n.3.  As in *Augustine*, the Court therefore construes defendant's untimely Rule 12(b)(1) motion as "a Rule 12(h)(3) suggestion of lack of subject matter jurisdiction." *Id.*

United States District Court
Northern District of California

1    agrees.  First, although defendant emphasizes that his coffee shop no longer offers outdoor dining,

2    he hasn't proven that the shop won't offer outdoor dining in the future.  State and local health orders

3    continue to change as the pandemic persists, and it's possible that future orders may once again

4    restrict indoor dining.  If they do, the coffee shop may be forced to revert back to outdoor dining,

5    which could lead to the same accessibility problems that Whitaker allegedly encountered.  A claim

6    is moot only if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be

7    expected to recur."  *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2019 n.1

8    (2017) (simplified).  This showing hasn't been made.

9         Second, putting aside outdoor dining and whether the coffee shop will offer it again, the

10   question remains whether the shop offers ADA-compliant tables.  Defendant's certified access

11   specialist states that the shop does, but Whitaker hasn't had a reasonable opportunity to rebut this

12   testimony.  He first needs to inspect the property with his own retained expert, something defendant

13   has resisted thus far.  *See* Dkt. 14-1 at 5 (email from defense counsel to plaintiff's counsel stating

14   that there "is no need for a site inspection").  Such an inspection will allow Whitaker to assess the

15   coffee shop's indoor seating and to determine if other barriers affecting his disability exist.  *See*

16   *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008) ("An ADA plaintiff who has Article

17   III standing as a result of at least one barrier at a place of public accommodation may, in one suit,

18   permissibly challenge all barriers in that public accommodation that are related to his or her specific

19   disability.").

20        At this time, before a joint site inspection has occurred, and while Covid-related health and

21   safety orders continue to change, the Court cannot conclude that Whitaker's ADA claim is moot.

22   Defendant's motion to dismiss the claim on mootness grounds is thus denied.  By August 13, 2021,

23   the parties must file a joint proposed schedule for further proceedings.  The proposal should track

24   as closely as possible to the schedule contemplated by General Order 56, which governs ADA

25   litigation in this district.

26        **IT IS SO ORDERED.**

27   Dated: August 3, 2021

ALEX G. TSE
United States Magistrate Judge

United States District Court
Northern District of California