UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER, <br><br> Plaintiff, <br><br> v. <br><br> BOUNSOM SIVONGSA, <br><br> Defendant. | Case No. 21-cv-01308-AGT <br><br> **ORDER DENYING DEFENDANT'S RENEWED MOTION TO DISMISS** <br><br> Re: Dkt. No. 26 |

Defendant states that he has "no intention" of "offering outdoor dining" again at his San Francisco-based coffee shop, "including if and when any future State or local health orders restrict indoor dining." Dkt. 28, Sivongsa Decl. ¶ 5. With this new avowal, defendant insists that plaintiff's ADA claim is moot.

"Disclaim[ing] any intention to revive" a challenged practice "does not suffice to make a case moot." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953). This is especially so when, as here, no permanent structural changes have been made, and the challenged practice could easily be resumed by moving some tables and chairs outside. *See Sullivan v. Storer Transit Sys.*, 2020 WL 3254400, at *6 (N.D. Cal. June 16, 2020) (Spero, C.M.J.) ("In contrast to permanent structural changes, voluntary cessation only amounting to a reversible policy change does not show that the challenged conduct cannot reasonably be expected to recur.").

"[V]oluntary cessation of a challenged practice does not moot a case unless subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2019 n.1 (2017) (simplified). This showing hasn't been made. Even though defendant states that he has no intention of offering outdoor dining in the future, it's not "absolutely clear" that his intention won't

change.  Defendant's motion to dismiss is based only on mootness, so the motion is denied.[1]  In a separate order, the Court will set a schedule for further proceedings.

**IT IS SO ORDERED.**

Dated: September 29, 2021

ALEX G. TSE
United States Magistrate Judge

---

[1] The Court construes defendant's Rule 12(b)(1) motion as a "Rule 12(h)(3) suggestion of lack of subject matter jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983).  *See also* Dkt. 18 at 1 n.1 (taking the same approach with defendant's prior Rule 12(b)(1) motion, because the motion was filed after defendant answered the complaint, technically making the Rule 12(b)(1) motion untimely).